*28 ROGERS, Circuit Judge,
concurring in part.
Although I join much of the court’s opinion, I write separately to disassociate myself from the suggested reformulation of the separate standards for First Amendment protection of commercial speech in Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985), and Central Hudson Gas & Electric Corp. v. Public Service Commission of New York, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). The en banc court defined the issue before it as whether the commercial disclosure standard of Zauderer applies only when the government’s interest is in preventing deception. See Order (Apr. 4, 2014). Because the court holds Zauderer is not so limited, and that the governmental interest is substantial, see Op. at 21-26, there is no occasion today to speak more broadly. Viewing Zauderer as simply an application of Central Hudson to special circumstances, as AMI has suggested to the en banc court, see AMI Supp. Br. 8-11, finds support in neither Supreme Court precedent nor the precedent of this court or our sister circuits. Although the en banc court stops short of endorsing this reformulation, stating only that “one could think of Zauderer largely as an application of Central Hudson,” Op. at 27 (citation and internal quotation mark omitted), blurring the lines between the standards portends unnecessary confusion absent further instruction from the Supreme Court.
The reformulation of the standards (as well as the dissent’s approach, see dissenting opinion of Judge Brown, joined by Judge Henderson, at 44-46), appears to contravene the Supreme Court’s rationale in Zauderer and the purposes served by First Amendment protection of commercial speech. Under the Central Hudson standard, in reviewing restrictions on lawful, non-misleading commercial speech, the Supreme Court instructed that a court must determine “whether the asserted governmental interest is substantial,] ... whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.” 447 U.S. at 566, 100 S.Ct. 2343. But in Zau-derer, although the Court began its analysis discussing both speech restrictions and a disclosure requirement by referring to the standard under Central Hudson, see 471 U.S. at 638, 105 S.Ct. 2265, when the Court analyzed the challenged disclosure requirement it rejected the argument that the government needed to show direct advancement of its interest, as review under Central Hudson would have required, see id. at 650, 105 S.Ct. 2265; Central Hudson, 447 U.S. at 566, 100 S.Ct. 2343. The Court instructed in analyzing the disclosure requirement that it suffices instead to determine whether the “disclosure requirements are reasonably related to the State’s interest in preventing deception of consumers.” Zauderer, 471 U.S. at 651, 105 S.Ct. 2265. The Court explained that “disclosure requirements trench much more narrowly on an advertiser’s interests than do flat prohibitions on speech,” id., indicating thereby that the Court was not tracing a shortcut through Central Hudson but defining a category in which the interests at stake were less threatened. In applying Zauderer, the Court in Milavetz, Gallop & Milavetz, P.A. v. United States, 559 U.S. 229, 130 S.Ct. 1324, 176 L.Ed.2d 79 (2010), concluded that mandated disclosure requirements for professionals assisting consumers with bankruptcy were subject to the “less exacting scrutiny described in Zauderer,” id. at 249, 130 S.Ct. 1324, and did not violate the First Amendment, see id. at 249-50, 130 S.Ct. 1324, again treating Zauderer as establishing a separate level of inquiry. See also id. at 255, 130 *29 S.Ct. 1324 (Thomas, J., concurring in part and concurring in the judgment) (describing Zauderer as “a still lower standard of scrutiny”).
Fairly understood, the Supreme Court’s analysis of the disclosure requirement in Zauderer does not reformulate the Central Hudson standard but rather establishes a different standard based on the “material differences between disclosure requirements and outright prohibitions on speech.” 471 U.S. at 650, 105 S.Ct. 2265. Similarly, in 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996), the Court explained that “[w]hen a State regulates commercial messages to protect consumers from misleading, deceptive, or aggressive sales practices, or requires the disclosure of beneficial consumer information, the purpose of its regulation is consistent with the reasons for according constitutional protection to commercial speech and therefore justifies less than strict review.” Id. at 501, 116 S.Ct. 1495 (plurality opinion). This is consistent with the Court’s longstanding focus, in the commercial speech area, on the “consumer’s interest in the free flow of commercial information,” Va. State Bd. of Pharm. v. Va. Citizens Consumer Council, Inc., 425 U.S. 748, 763, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976), and its “indispensable” role in “the proper allocation of resources in a free enterprise system,” id. at 765, 96 S.Ct. 1817. As our sister circuits have held in applying the Zauderer standard, the government’s imposition of a commercial disclosure requirement involving “accurate, factual, commercial information does not offend the core First Amendment values of promoting efficient exchange of information or protecting individual liberty interests.” Nat’l Elec. Mfrs. Ass’n v. Sorrell, 272 F.3d 104, 114 (2d Cir.2001).
Such disclosure furthers, rather than hinders, the First Amendment goal of the discovery of truth and contributes to the efficiency of the “marketplace of ideas.” Protection of the robust and free flow of accurate information is the principal First Amendment justification for protecting commercial speech, and requiring disclosure of truthful information promotes that goal. In such a case, then, less exacting scrutiny is required than where truthful, nonmisleading commercial speech is restricted.
Id. (citations omitted); see also Pharm. Care Mgmt. Ass’n v. Rowe, 429 F.3d 294, 316 (1st Cir.2005) (controlling opinion of Boudin, C.J., and Dyk, J.); Robert Post, The Constitutional Status of Commercial Speech, 48 U.C.L.A. L.Rev. 1, 26-28 (2000).
The en banc court’s holding that Zau-derer applies to government disclosure interests beyond preventing deception acknowledges that the First Amendment values underlying protection of commercial speech naturally lead to a distinction between disclosures and restrictions, but it appears not to acknowledge the full implications of the distinction: Zauderer’s conceptual framework is what drives not only its application to disclosures serving other governmental interests, but also its less rigorous level of scrutiny. The dissent’s analysis fails to acknowledge that Zauderer ’s holding with regard to the disclosure requirement rested primarily on this difference between disclosures and restrictions, not on the risk of deception. Yet this court and our sister circuits have understood the Supreme Court to have established distinct standards for analyzing First Amendment challenges to government-imposed commercial restrictions and disclosures. In R.J. Reynolds Tobacco Co. v. FDA 696 F.3d 1205, 1212 (D.C.Cir.2012), the court distinguished Central Hudson review from Zauderer and likened the latter to rational-basis review. In Spirit Airlines, Inc. v. DOT, 687 F.3d 403 (D.C.Cir.2012), the court stated that “[disclosure requirements ... are not the kind *30 of limitations that the Court refers to when invoking the Central Hudson standard of review,” id. at 413, and applied Zauderer as a less stringent standard, see id. at 411-13. Indeed, the understanding that Central Hudson and Zauderer involve distinct standards is evident from the en bane order in the instant case. See Order (Apr. 4, 2014) (instructing the parties to address “[w]hether, under the First Amendment, judicial review of mandatory disclosure of ‘purely factual and uncontroversial’ commercial information, compelled for reasons other than preventing deception, can properly proceed under Zauderer ..., or whether such compelled disclosure is subject to review under Central Hudson ... ”). The opinions of our sister circuits are to the same effect, that restrictions and disclosures are factually distinct and, due to their different impacts on First Amendment interests, are governed by different standards. See, e.g., Disc. Tobacco City & Lottery, Inc. v. United States, 674 F.3d 509, 554-55 (6th Cir.2012) (controlling opinion of Stranch, J.); N.Y. State Rest. Ass’n v. N.Y. City Bd. of Health, 556 F.3d 114, 132-33 (2d Cir.2009); Pharm. Care Mgmt. Ass’n, 429 F.3d at 316 (1st Cir.); Nat’l Elec. Mfrs. Ass’n, 272 F.3d at 113-15 (2d Cir.). But see United States v. Wenger, 427 F.3d 840, 849 (10th Cir.2005).
Even assuming that AMI’s proposed reformulation of the Central Hudson and Zauderer standards has little impact on the outcome of the First Amendment challenge here, blurring the lines between the two standards may sow confusion where, for example, the focus is not on the adequacy of the government interest, as here, but instead on the evidentiary support for, or the “fit” of, the disclosure requirement. Absent further instruction from the Supreme Court or consideration of the question when it is necessary to our decision, the court has no occasion to veer from the Supreme Court’s articulation of the standards in Central Hudson and Zauderer.